```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**GALE M. TAYLOR**                                              **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO. 3:05–CV–386BS**

**SUPER D DRUGS ACQUISITION CO.**                              **DEFENDANT**

## OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment, filed on April 21, 2006. Having considered the Motion, the Court finds that the Motion is not well taken and should be denied.

This action arises out of a fraud perpetrated by an employee of Defendant Super D Drugs Acquisition Co. against Plaintiff Gale Taylor. On two occasions in 2004, Sharee Phillpotts, a former pharmacy technician of Defendant, fraudulently used Plaintiff's personal information in applying for and receiving student loans. The personal information, including Plaintiff's social security number, was acquired when Phillpotts filled prescriptions for Plaintiff at one of Defendant's pharmacies in Jackson, Mississippi. As a result of the fraudulent conduct, Phillpotts was indicted by a federal grand jury on two counts of mail fraud and eventually pled guilty to the charges. Phillpotts had also provided Plaintiff's personal information to LaToya Willis who, like Phillpotts, used the information to apply for and receive student loans. Willis was similarly indicted and pled guilty to mail fraud.

On March 21, 2005, Plaintiff filed this action against Defendant in the First Judicial District of the Circuit Court of Hinds County, Mississippi. In her Complaint, Plaintiff contends that Defendant is liable for the alleged injuries she sustained as a result of the identity theft committed by Phillpotts and Willis. Defendant removed the case to this Court on June 23, 2005, on the basis of diversity of citizenship jurisdiction, and now moves for summary judgment.

Defendant characterizes Plaintiff's claim against Defendant as one of vicarious liability under the doctrine of *respondeat superior*. Arguing that Phillpotts was not acting within the scope of her employment when she fraudulently obtained and used Plaintiff's personal information, Defendant contends that it cannot be held vicariously liable for Phillpotts' conduct.

Although Defendant makes a compelling argument for why vicarious liability is not appropriate in this case, the Complaint reveals that vicarious liability is not the theory of recovery under which Plaintiff has chosen to proceed. The lone "claim for relief" in the Complaint states that "Defendant breached its duty to protect Plaintiff's personal identifying information from unauthorized use by its own employee(s)[,]" and as a direct consequence of that breach, Plaintiff suffered damages. Complaint, ¶¶ 27-33. In essences, Plaintiff has couched her theory of recovery solely in terms of a direct negligence claim against Defendant,

2

rather than a vicarious liability, *respondeat superior* claim. Neither Defendant's Motion nor its Memorandum in Support makes mention of the direct liability claim asserted in the Complaint. Accordingly, because Defendant failed to address the appropriate claim in its Motion for Summary Judgment, the Court must deny the Motion.

IT IS THEREFORE ORDERED that the Motion for Summary Judgment of Defendant Super D Drugs Acquisition Co. [docket entry nos. 25 & 27] is hereby denied.

SO ORDERED this the 12th day of July, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

blj